No. 3779

Second Circuit

___

## NELSON ET AL. v. SNELL

___

(July 5, 1930. Opinion and Decree.)
(July 31, 1930. Rehearing Refused.)

___

Herndon & Herndon, of Shreveport, attorneys for defendant, appellant.

Foster, Hall, Barret & Smith, of Shreveport, attorneys for plaintiffs, appellees.

DREW, J. Estelle Nelson died intestate on January 17, 1929, leaving as her sole heirs-at-law the plaintiffs herein, who instituted this suit against defendant for the recovery of one diamond ring, or its value of $252.

On December 17, 1928, the deceased, Estelle Nelson, either sold or pledged to W. M. Snell one diamond ring of the value of $252, at which time the said Snell gave to Estelle Nelson forty dollars and the following written agreement:

"I agree to sell Estelle Nelson one diamond ring for Forty-five ($45.00) Dollars March 1st, 1929—said ring being same ring bought from her this 17th of Dec. 1928.

(Signed)    W. M. Snell."

On January 25, 1929, after the death of Estelle Nelson, her brother, Joe Nelson, one of the plaintiffs herein, called upon defendant to find out if the ring could be redeemed and was informed by defendant that it could not. That after Estelle Nelson's death, it was a closed matter. It is very apparent from the testimony of Joe Nelson and the testimony of defendant on cross-examination that defendant was of the impression that the right to redeem or buy back given to Estelle Nelson was personal to her and that at her death no one else had the right to buy the ring back or to redeem it. There is no merit in that contention, and same is not made in this court by attorneys for defendant. However, we feel sure that

this idea of defendant is the cause of this suit.

The question has been raised as to whether the ring transaction was in fact a pledge or a sale with the right of redemption. It is immaterial to the case. For if it be held to be a pledge, the defendant has been put in default by Joe Nelson in asking to redeem it, and also by tender of the money ($45) in open court on the day of trial, defendant never having complied with the law relative to pledged property, by sale, etc., and if held to be a sale with the right of redemption, it is equally clear that defendant has been put in default before the date for redemption had expired by Joe Nelson calling on him and requesting the right to redeem, which right was refused by defendant.

Defendant contends that there was never any actual tender by the plaintiffs, and that after the date of redemption, the ring was absolutely the property of defendant.

Tender of the money was not necessary under the circumstances. Defendant stated to one of plaintiffs that the ring could not be redeemed and that after Estelle Nelson's death, it was a closed transaction. It is unnecessary to do a useless thing, and when informed that a tender will not be accepted, it is unnecessary to make one.

Plaintiffs contend that the ring was purchased by deceased from Hutchinson Brothers for the price of $252, and their testimony is corroborated by the salesman from Hutchinson Brothers and the sale ticket which was produced on trial of the case; they also testify that deceased had only one diamond ring and described the kind of ring and mounting, which corresponds with the description given by defendant of the ring he received from deceased. Defendant contends that the ring was of small value and. that plaintiffs have not sufficiently identified it as the ring that was purchased from Hutchinson Brothers. We think, as did the lower court, that the preponderance of evidence is that deceased had only one diamond ring, that she purchased it from Hutchinson Brothers and that it is the same ring received by defendant from deceased.

Defendant testified that he sold the ring to one of his fellow-workmen for $45 and did not produce the ring in court for identification, nor did he produce the witness who he claims bought the ring, although he was at the time of the trial working with defendant in the same place of business and was in the court room on the morning of the trial.

It is clear to the court that the defendant was attempting to take advantage of the death of Estelle Nelson to enrich himself at the expense of her legal heirs. His testimony is very contradictory in many instances and to a great extent discredits his own testimony. His attitude as shown by the testimony in this case is contrary to fair dealing.

The plaintiffs in this case are the sole and only heirs-at-law of the deceased and have the same right to redeem the ring as she would have had, had she lived; they asked to be allowed to redeem the ring from defendant and were refused, and their only recourse left was this suit.

The lower court rendered judgment in favor of plaintiffs as prayed for, and we think the judgment is correct.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed, with costs.